IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY D. WICKMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12-CV-681-GKF-PJC ) |
| ROGERS COUNTY, OK, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

On December 17, 2012, Plaintiff Randy D. Wickman, a state prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). For the reasons discussed below, Plaintiff's motion to proceed in forma pauperis shall be denied. In addition, the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**A. Motion to proceed in forma pauperis shall be denied**

The ODOC Offender Statement Report, provided by Plaintiff in support of his motion to proceed in forma pauperis, reveals that as of November 29, 2012, Plaintiff had an account balance of $1,017.64. See Dkt. # 2. Accordingly, because Plaintiff had cash and securities in his inmate accounts exceeding $360.00 at the time he executed the affidavit in support of his motion to proceed in forma pauperis and the filing fee for this action is $350.00, Plaintiff's motion shall be denied and Plaintiff shall be required to pay the full $350.00 filing fee.

## B. Complaint shall be dismissed

### 1. Screening/Dismissal standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss

2

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Claims are barred by Heck v. Humphrey

In his complaint, Plaintiff states that "this is a child support case. First child was a [sic] Ohio case. Second child is a [sic] Oklahoma case. A modification consolidation court order took place on 3/19/12 and filed on 4/23/12. I believe I have [been] wrongfully place[d] in prison [sic]." See Dkt. # 1. Plaintiff attaches two handwritten pages to his complaint. In those pages, he explains that he is in custody pursuant to a Judgment and Sentence entered in Rogers County District Court, Case No. CF-2009-463.[1] He identifies two (2) claims: (1) that he is in custody in violation of his right to due process, and (2) that there was "no jurisdiction in the cause." See Dkt. # 1. In his prayer for relief, he asks "to have Plaintiff's due process, in the proper jurisdiction." Id.

Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his

---

[1] The docket sheet for Rogers County District Court, Case No. CF-2009-463, viewed at www.oscn.net, reflects that on May 6, 2010, Petitioner pled guilty to two (2) counts of Omitting to Provide for Minor Child. He was sentenced to four (4) years, suspended, on each count, with the sentences to run consecutively. On March 29, 2012, the district court revoked the suspended sentence on Count 1. The sentence on Count 2 remains suspended, to run consecutive to Count 1. Nothing suggests that Plaintiff appealed his convictions and sentences. Nothing suggests that Plaintiff's convictions entered in Rogers County District Court, Case No. CF-2009-463, have been invalidated or set aside.

conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)).

The Court finds that a judgment in favor of Plaintiff on his claims challenging the constitutionality of his ongoing incarceration based on the Judgment and Sentence entered in Rogers County District Court would "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. If the Court were to find merit to Plaintiff's claims, that finding would necessarily imply the invalidity of the Rogers County convictions. Such a finding would not be cognizable under § 1983 unless Plaintiff demonstrates that the Rogers County convictions have been set aside or invalidated. Plaintiff has not shown that the Rogers County convictions have been overturned or otherwise invalidated. As a result, any claim for damages or declaratory or injunctive relief under 42 U.S.C. § 1983 has not yet accrued. Therefore, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **denied**.
2. Within thirty (30) days of the entry of this order, or by **January 18, 2013**, Plaintiff shall submit to the Clerk of Court the requisite **$350.00** filing fee.
3. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

DATED THIS 19th day of December, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT